In the Matter of the Claim of Louis Mascali, Respondent, against Edison Concrete Corp. et al., Appellants. Workmen's Compensation Board, Respondent.— Employer and its insurance carrier appeal from a decision and award made by Workmen's Compensation Board in favor of claimant, who was a mason employed by appellant employer in building construction. The decision of a three-member panel, one dissenting, reversed a referee's decision, which had disallowed the claim. Appellants urge that there was no proof of an accident and no substantial probative evidence of causal relationship. Claimant was standing on a scaffold operating a machine or appliance to smooth a concrete ceiling, holding a hose, at the end of which there was a revolving carborundum disc. The equipment weighed about ten pounds. In the operation claimant had his arms stretched upward, exerting some degree of pressure. About eight-thirty o'clock in the morning he felt pain in the lower left chest. In spite of the pain he continued work for some hours. At one o'clock in the afternoon he visited the company's doctor, who reported a left spontaneous pneumothorax with causal relation and who later testified that such had been his diagnosis. Later the physician testified that he did not think the work claimant had been doing could have been an aggravating factor and that he did not think a normal person doing that type of work, who had an absolutely normal pair of lungs, could have received a spontaneous pneumothorax. Continuing, he said, " the fact remains that the spontaneous pneumothorax did occur in the course of the work he was doing, so there must have been some increased pressure at the time that accounted for it because it wouldn't have happened." On the succeeding day claimant saw his own physician, who then diagnosed and reported his condition as " Acute upper Respiratory Infection Pleuria Pneumonia " and described the accident as a competent producing cause of the injury. This physician testified that fluoroscopic examination about a month later showed residual evidence of a spontaneous pneumothorax and that the manner of the operation of the machine was a direct cause of such condition. It is undisputed that claimant worked for some hours with the pain. The evidence that he suffered a pneumothorax is substantially unquestioned. The board justifiably found that there was an unusual occurrence sufficient to constitute an accident. Though there were seeming contradictions in the medical evidence of both parties, " the common-sense viewpoint of the average man " (*Matter of Masse* v. *Robinson Co.,* 301 N. Y. 34, 37) would be in concurrence with the decision of the board. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.